## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ANDREWS, | No. 4:24-CV-00783 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| WARDEN TALUTTO, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### JULY 8, 2024

Plaintiff Robert Andrews filed the instant *pro se* Section 1983[1] action, alleging constitutional violations by Lackawanna County Prison (LCP) officials. The Court will dismiss Andrews' complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief but will grant him leave to amend.

## I.    STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule

---

[1]   42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   *See* 28 U.S.C. § 1915A(a).

[3]   *Id.* § 1915A(b)(1).

of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-

---

[4]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[5]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[6]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[7]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[8]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[9]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Andrews proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Andrews, is incarcerated.[14]

## II.    DISCUSSION

Andrews alleges that he is a pretrial detainee at LCP and is being held in segregated housing for an "indefinite" period of time without procedural due process protections.[15]  He contends that this segregation is "a form of punishment" and that "none of [his] procedural due process rights was satisfied[.]"[16]  He also alleges that he is being discriminated against based on his race.  He recounts that he was involved in a fight (presumably with another inmate) in 2023 and "the

---

[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12]  *Iqbal*, 556 U.S. at 681.
[13]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[14]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[15]  Doc. 1 at 2, 4.
[16]  *Id.* at 4, 5.

white guy [he] was fighting went back to general population" while Andrews is still "being held in segregation."[17]   As best the Court can ascertain, Andrews is asserting the following Section 1983 claims grounded in the protections of the Fourteenth Amendment[18]: (1) conditions of confinement; (2) procedural due process; and (3) equal protection.

Andrews names three defendants: Warden Talutto, Warden Pigga, and Grievance Officer Jason Lando.[19]   He requests "$233,333.33" in monetary damages and appears to seek unspecified "injunctive relief."[20]   Upon review of Andrews' complaint, he fails to state a claim upon which relief may be granted. The Court will address Andrews' pleading deficiencies in turn.

---

[17]   *Id.*

[18]   Although Andrews cites the Eighth Amendment, (*see id.* at 4, 5), because he is a pretrial detainee and not a convicted and sentenced prisoner, his conditions-of-confinement claim implicates the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's prohibition of cruel and unusual punishments. *See Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021); *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014); *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) (*Hubbard I*); *see also Paulino v. Burlington Cnty. Jail*, 438 F. App'x 106 (3d Cir. 2011) (nonprecedential) (explaining that "sentenced prisoners are protected from punishment that is 'cruel and unusual,' while pretrial detainees are protected from any punishment" (citing *Hubbard I*, 399 F.3d at 166-67)). Andrews also invokes the Thirteenth Amendment, (*see* Doc. 1 at 5), but this invocation is purely conclusory and unsupported by any factual allegations and therefore will not be discussed further.

[19]   *See id.* at 2-3.

[20]   *See id.* at 5.

## A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[21]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[22]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[23]  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[24]

Andrews' primary pleading deficiency is his failure to allege personal involvement for any Defendant.  Although he names three Defendants, he does not include any specific allegations of wrongdoing that would establish personal involvement by any Defendant in the purported constitutional violations.  In other words, Andrews never pleads what each Defendant did or did not do that violated

---

[21] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

[22] *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

[23] *Id.* (quoting *Rode*, 845 F.2d at 1207).

[24] *See id.* at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

his civil rights.  Although Andrews indicates that Warden Talutto and Grievance Officer Lando denied his grievances,[25] such allegations do not establish personal involvement in the purported constitutional misconduct.  Accordingly, the Court must dismiss the Section 1983 claims against all Defendants pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

### B.  Fourteenth Amendment Conditions of Confinement

When a pretrial detainee asserts a conditions-of-confinement claim, the Due Process Clause of the Fourteenth Amendment requires courts to consider "first, whether any legitimate purposes are served by the[] conditions, and second, whether the[] conditions are rationally related to these purposes."[26]  If pretrial detainees are subjected to conditions that are not reasonably related to a legitimate governmental objective, an inference may be made that the purpose of the prison official's action is punishment.[27]  Thus, "a particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose."[28]

---

[25] *See* Doc. 1 at 4.

[26] *Hubbard II*, 538 F.3d at 232 (quoting *Union Cnty. Jail Inmates v. Di Buono*, 713 F.2d 984, 992 (3d Cir. 1983)).

[27] *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 326 (3d Cir. 2020).

[28] *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007) (quoting *Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999)).

As the Third Circuit instructs, courts confronted with a Fourteenth Amendment conditions-of-confinement claim must "consider the totality of the circumstances of confinement."[29]  And, like an Eighth Amendment conditions-of-confinement claim by a convicted prisoner, a Fourteenth Amendment conditions-of-confinement claim by a pretrial detainee requires a showing of deliberate indifference on the part of prison officials.[30]

Andrews' complaint fails at both elements.  First, his allegation that he was placed in (likely disciplinary) segregation after fighting with another inmate does not plausibly allege conditions of confinement that amount to unlawful "punishment" of a pretrial detainee for simply being a pretrial detainee.[31]  To the contrary, by Andrews' own admission, his placement in segregated housing was rationally related to a prior altercation, thereby reflecting a legitimate penological purpose rather than unconstitutional punishment of a pretrial detainee without justification.[32]  Put differently, Andrews has not plausibly alleged that LCP

---

[29] *Hope*, 972 F.3d at 326 (citing *Hubbard I*, 399 F.3d at 159-60).

[30] *Edwards v. Northampton County*, 663 F. App'x 132, 135 (3d Cir. 2016) (nonprecedential) (citing *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1024 (3d Cir. 1991)).

[31] *See Bell v. Wolfish*, 441 U.S. 520, 539 (1979) (explaining that "punishment . . . may not be constitutionally inflicted upon detainees qua detainees").

[32] *Cf. Stevenson*, 495 F.3d at 65-66 (finding that pretrial detainees had plausibly alleged that they were "impermissibly punished" by placement in segregated housing for no legitimate reason); *Bell*, 441 U.S. at 540 (noting that prison officials "must be able to take steps to maintain security and order at the institution").

officials implemented conditions of confinement (*i.e.*, disciplinary segregation) on him that were unrelated to a legitimate penological interest.[33]

Andrews likewise fails to plead deliberate indifference by any Defendant. He has not alleged who was potentially responsible for his placement in segregated housing, how long he has been kept in segregation, or whom he informed about the "conditions" (*i.e.*, "indefinite" segregation) and subsequently acted with deliberate indifference toward those conditions.  Thus, Andrews' failure to plausibly allege either element of a Fourteenth Amendment conditions-of-confinement claim is an additional reason that this claim must be dismissed under Section 1915A(b)(1).

### C.    Fourteenth Amendment Procedural Due Process

To plausibly state a Section 1983 claim for infringement of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"[34]  If a plaintiff cannot identify a protected interest that is "at stake," the analysis is at an end.[35]

---

[33]    It is possible that Andrews believes his length of disciplinary segregation is excessive with respect to the legitimate penological purpose, but this allegation does not appear in his complaint.

[34]    *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

[35]    *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Hill*, 455 F.3d at 234-35.

The gravamen of Andrews' due process claim is that he has been kept in "indefinite" segregated housing without due process protections.  In particular, he alleges that he did not receive a hearing, presumably for his disciplinary charges.[36] Assuming that Andrews' contention of placement in segregated housing as a pretrial detainee implicates a protected liberty interest,[37] his allegation of not receiving a hearing is sufficient to state a procedural due process violation.[38] However, as noted above, Andrews has not alleged who was involved in this alleged due process violation and thus responsible for the purported constitutional tort.  Accordingly, he has failed to state a claim for relief.

### D.    Fourteenth Amendment Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."[39]  To state a Fourteenth Amendment equal protection claim, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class[.]"[40]  An equal protection claim can also be asserted under a "class of one" theory, whereby a

---

[36]  Doc. 1 at 4.

[37]  *See Stevenson*, 495 F.3d at 66.

[38]  *See id.* at 70-71 (noting that procedural safeguards required by *Wolff v. McDonnell* apply when restraint on liberty "is imposed for disciplinary reasons" (citation omitted)).

[39]  U.S. CONST. amend. XIV, § 1.

[40]  *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016).

plaintiff alleges that a state actor intentionally treated him differently than others who are similarly situated "and there is no rational basis for the difference in treatment."[41]

Andrews alleges that he was treated differently than the white inmate with whom he had a physical altercation, and that this disparate treatment was based on "race." Andrews, however, does not allege that he is a different race than the purported comparator. It is assumed that Andrews *is* a different race, but this Court will not make assumptions for fundamental elements of civil rights claims like membership in a protected class. Additionally, as noted above, Andrews has not alleged who was responsible for this purported equal protection violation. For these reasons, Andrews' equal protection claim must be dismissed pursuant to Section 1915A(b)(1). Leave to amend will be granted so that he can replead this claim with more specificity.

## E. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[42] Andrews will be granted leave to amend in the event that he can plead facts that would plausibly state a Section 1983 claim.

---

[41] *Phillips*, 515 F.3d at 243 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).
[42] *Grayson*, 293 F.3d at 114.

If Andrews chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth his claims in short, concise, and plain statements, and in sequentially numbered paragraphs.  Andrews must leave one-inch margins on all four sides of his pleading.[43]  He also must name proper defendants and *specify* the offending actions or omissions by each named defendant.  This step is particularly critical for Andrews, as his initial complaint is devoid of allegations that demonstrate each Defendant's personal involvement in the purported constitutional violations. Andrews must also sign the amended complaint and indicate the nature of the relief sought.

If Andrews does not timely file an amended complaint, dismissal of his claims without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

## III.   CONCLUSION

Based on the foregoing, the Court will dismiss Andrews' complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may

---

[43]   *See* LOCAL RULE OF COURT 5.1

be granted.  Andrews may file an amended complaint in accordance with this

Memorandum.  An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge